IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01575-BNB

KEVIN HERRERA,

Applicant,

v.

SUSAN JONES – Colorado State Penitentiary, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 8 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant Kevin Herrera is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Herrera initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order filed on August 13, 2008, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On August 28, 2008, Respondents filed their Pre-Answer Response. On September 11, 2008, Mr. Herrera filed a reply to the Pre-Answer Response. On September 19, 2008, Mr. Herrera filed a letter to the Court seeking appointment of counsel.

The Court must construe the application and other papers filed by Mr. Herrera liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies. The request for counsel will be denied as moot.

Mr. Herrera is challenging the validity of his conviction and sentence in El Paso County District Court case number 99CR3726. Following a jury trial, Mr. Herrera was convicted of conspiracy to commit first degree murder and two counts of accessory to first degree murder. Mr. Herrera was sentenced to a cumulative term of forty-four years in prison. The Colorado Court of Appeals affirmed the judgement of conviction on direct appeal. *See People v. Herrera*, No. 04CA0558 (Colo. Ct. App. May 24, 2007). On September 17, 2007, the Colorado Supreme Court denied Mr. Herrera's petition for writ of certiorari on direct appeal. The Court received the instant action for filing on July 18, 2008.

Mr. Herrera asserts eight claims for relief in the habeas corpus application. Those eight claims are the following:

(1) The trial court erred in denying a motion to dismiss or exclude evidence based on the government's destruction of evidence.

(2) The trial court erred in denying a motion to dismiss based on speedy trial grounds.

(3) The trial court erred in rejecting jury instructions tendered by the defense.

(4) The trial court erred in denying a motion to dismiss based on prosecutorial misconduct.

(5) The trial court erred in denying motions to exclude irrelevant and prejudicial evidence.

2

(6) The trial court erred in imposing an aggravated sentence and in imposing consecutive sentences.

(7) The trial court erred in denying motions to dismiss the grand jury.

(8) Counsel at trial and on direct appeal were ineffective.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that the application should be dismissed for failure to exhaust state remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459

3

U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents argue that Mr. Herrera's first seven claims are procedurally defaulted because they were not presented fairly to the Colorado Court of Appeals on Mr. Herrera's direct appeal and were resolved by the Colorado Court of Appeals on an independent and adequate state procedural ground. If Mr. Herrera's first seven claims were resolved in state court on an independent and adequate state procedural ground, the claims technically are exhausted because Mr. Herrera no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. However, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of

justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Respondents argue that Mr. Herrera's eighth claim, the ineffective assistance of counsel claim, was not raised by Mr. Herrera on direct appeal and remains unexhausted.

On direct appeal following the judgment of conviction, counsel for Mr. Herrera raised one claim challenging the admission of certain hearsay statements. Mr. Herrera is not pursuing the hearsay claim in this action. Mr. Herrera believed that counsel also should have raised a number of other claims on direct appeal. Therefore, after his opening brief on direct appeal already had been filed, counsel for Mr. Herrera filed in the Colorado Court of Appeals a Motion to Accept Supplement to Opening Brief and he tendered a Supplement to Opening Brief raising seven additional claims that Mr. Herrera wished to pursue. The seven claims asserted in the Supplement to Opening Brief are Mr. Herrera's first seven claims in the instant action. The Colorado Court of Appeals denied the motion to supplement and the Supplement to Opening Brief was stricken. As a result, only the hearsay claim was addressed by the Colorado Court of Appeals in its order affirming Mr. Herrera's judgment of conviction.

Mr. Herrera contends that his Supplement to Opening Brief on direct appeal to the Colorado Court of Appeals satisfied the requirement that his claims be presented fairly to the state courts because the Colorado Rules of Appellate Procedure allow additional briefing beyond an opening brief, an answer brief, and a reply brief. In support of this argument Mr. Herrera cites Colorado Appellate Rule 28(c), which provides that "[n]o further briefs may be filed except with leave of court."

The Court does not agree that Mr. Herrera's attempt to raise his first seven claims in a supplemental opening brief on direct appeal to the Colorado Court of

5

Appeals satisfied the exhaustion requirement because the Colorado Court of Appeals denied Mr. Herrera's motion to file a supplemental brief and the Supplement to Opening Brief was stricken. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351 (internal quotation marks omitted). Mr. Herrera's first seven claims in this action were not raised in his opening brief on direct appeal and he does not cite any Colorado state rule or case that specifically authorizes the filing of a supplemental brief to raise additional claims not raised in an appellant's opening brief. The fact that the Colorado Appellate Rules recognize the possibility a litigant may seek to file additional briefing does not demonstrate that any attempt to file additional briefing satisfies the fair presentation requirement. Therefore, the Court finds that Mr. Herrera failed to exhaust state court remedies for his first seven claims in this action.

Regarding Mr. Herrera's eighth claim for relief, the ineffective assistance of counsel claim, the Court agrees with Respondents that this claim also is not exhausted. Mr. Herrera fails to demonstrate that he fairly presented the ineffective assistance of counsel claim either on direct appeal or in any postconviction proceedings. Mr. Herrera does argue that he exhausted his ineffective assistance of counsel claim by writing letters to the trial court, counsel, and the Colorado Court of Appeals complaining about counsel's performance. He also alleges that he filed in the Colorado Court of Appeals one or more motions to dismiss counsel and to appoint new counsel in which he complained that counsel was not being effective. However, these letters and motions

do not amount to fair presentation of the ineffective assistance of counsel claim. Therefore, the Court finds that the ineffective assistance of counsel claim also is not exhausted.

In conclusion, the Court finds that Mr. Herrera has failed to exhaust state court remedies for all eight claims in this action. As noted above, Respondents also argue that Mr. Herrera's first seven claims are procedurally defaulted because they were rejected by the Colorado Court of Appeals on an independent and adequate state procedural ground. However, it is not clear to the Court that the state court's order denying Mr. Herrera's motion to supplement his opening brief prevents Mr. Herrera from raising his claims in state court in a postconviction motion. In any event, the Court cannot dismiss the first seven claims as procedurally barred, which would operate as a decision on the merits as to those claims, and dismiss the eighth claim without prejudice for failure to exhaust state remedies. Therefore, the Court will dismiss the entire action without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that Applicant's request for appointment of counsel, which he makes in a letter to the Court filed on September 19, 2008, is denied as moot.

DATED at Denver, Colorado, this __7__ day of _____Oct._____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01575-BNB

Kevin Herrera
Prisoner No. 120879
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/8/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk